## RYAN *v.* KNICKERBOCKER STEAM-BOAT CO.

*(Common Pleas of New York City and County, General Term.*    February 3, 1890.)

DAMAGES—WHEN NOT EXCESSIVE.

A verdict of $750 for personal injuries will not be set aside as excessive, where it appears that plaintiff suffered for nearly three months, and it will be assumed, in the absence of a showing to the contrary, that the jury observed the judge's instructions that they should consider in mitigation any increased suffering by reason of imprudence on the part of plaintiff.

Appeal from trial term.

Action by Annie C. Ryan against the Knickerbocker Steam-Boat Company to recover for personal injuries sustained through the negligence of defendant's employes. The jury awarded plaintiff $750 damages. From the judgment entered on the verdict, and from the order denying its motion for a new trial, defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Blair & Rudd*, for appellant.    *Charles Steckler*, for respondent.

BISCHOFF, J.    Plaintiff sued to recover damages for injuries sustained by her through negligence and carelessness on the part of the defendant's employes in the handling and management of a gang-plank used in landing passengers on defendant's steamer Grand Republic. The jury rendered a verdict in favor of plaintiff for $750. Defendants thereupon moved, on the minutes and the grounds specified in section 999 of the Code of Civil Procedure, that the verdict be set aside and a new trial ordered. This motion was denied, and defendants duly excepted. No other exceptions appear in the case, and, on the argument of the appeal, the only ground for reversal urged by appellant's counsel was that the damages awarded are excessive. On the trial it appeared from plaintiff's testimony that for nearly three months from the time of the accident she suffered more or less severely from the effects of the injuries sustained. It also appears that she was imprudent in the use of the injured limb before it was completely restored, and that her suffering was thereby aggravated. The trial judge directed the attention of the jury to such alleged imprudence, and instructed them to consider any increased or protracted suffering caused thereby in mitigation of the damages to be awarded to the plaintiff. In the absence of anything to the contrary, it must be assumed that the judge's instructions were duly observed. There is no precise standard by which the amount of damages to be awarded in actions of this nature can be measured, and a motion to set aside a verdict on the ground of excessiveness of the damages awarded is addressed to the sound discretion of the court. Such discretion should, however, only be exercised in favor of the motion, when the jury have gone beyond the proper exercise of their function. The power of the jury in fixing the amount of damages to be awarded is circumscribed only by fairness and reason. If the amount awarded is so high as to appear unfair or unreasonable, due consideration having been given to all the circumstances of the case, or if it appears that the jury in fixing the amount were actuated by prejudice or undue influence, it is the duty of the court to interfere. In the absence of such unreasonableness or unfairness, or proof of prejudice or undue influence, the verdict should not be disturbed. It is unnecessary to cite any authorities to sustain this view. The books abound with them. There is no proof of prejudice or undue influence in the present case, and the court cannot say that the amount awarded for suffering of nearly three months' duration was unreasonable and unfair, and therefore excessive. The judgment appealed from should be affirmed, with costs.